UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEANINE P.,[1]

                Plaintiff,

-against-                                            8:24-CV-552 (LEK/DJS)

FRANK BISIGNANO
*Commissioner of Social Security*,

                Defendant.
_____

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

On April 22, 2024, Plaintiff Jeanine P. brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security. Dkt. No. 1. Both parties filed motions for judgment on the pleadings. Dkt. No. 11 ("Plaintiff's Motion"), Dkt. No. 13 ("Defendant's Motion"). Plaintiff filed a reply to Defendant's Motion. Dkt. No. 14. On March 12, 2025, the Honorable Daniel J. Stewart, United States Magistrate Judge, issued a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 15 ("Report and Recommendation"). In the Report and Recommendation, Judge Stewart recommended that Plaintiff's Motion be granted, Defendant's Motion be denied, and Defendant's decision denying Plaintiff disability benefits be remanded for further proceedings. *Id.* at 8.

---

[1] In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in June 2018 to better protect personal and medical information of non-governmental parties, this Order will identify Plaintiff using only her first name and last initial.

No party has filed objections to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

## II. BACKGROUND

The Court assumes familiarity with the factual background detailed in the Report and Recommendation. *See* R. & R. at 2–3.

In his analysis, Judge Stewart addressed Plaintiff's contentions that the ALJ "erred at step two when failing to find Plaintiff's shoulder and back impairments to be severe when Plaintiff's impairments existed prior to the date last insured," *id.* at 5 (quoting Pl. Mot. at 1), and that the ALJ "failed to properly evaluate the persuasiveness of several medical opinions," *id.* (citing Pl. Mot. at 11).

First, Judge Stewart explained that the "record before the Court makes it unclear whether the ALJ properly conducted the Step Two analysis in this case." *Id.* at 6. He explained that while the ALJ "identified several medically determinable impairments," "the record here fails to demonstrate the basis for the ALJ's conclusions that none of these conditions passed the 'minimal' threshold for being deemed severe." *Id.* Further, Judge Stewart found that the ALJ failed to provide an "explanation of what evidence was relied upon" to support his conclusion that "the record as a whole is not consistent with the existence of any 'severe' impairment." *Id.* at 7 (quoting Dkt. No. 8 at 15). Indeed, Judge Stewart explained that certain medical opinions specifically identified impairments, and the ALJ failed to meet his obligation to "at least explain why [the medical provider's] conclusion was not supported by substantial evidence by reference to record evidence to the contrary." *Id.*

Accordingly, Judge Stewart recommended "remanding the matter for further consideration of the medical opinions to determine whether Plaintiff has satisfied her minimal burden at Step Two." *Id.*

### III. LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); *see also* L.R. 72.1. However, if no objections are made, a district court need only review a report and recommendation for clear error. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Fed. Bureau of Prisons*, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### IV. DISCUSSION

No party objected to the Report and Recommendation within fourteen days after being served with a copy of it. Accordingly, the Court reviews the Report and Recommendation for clear error. *See DiPilato*, 662 F. Supp. 2d at 339. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

### V. CONCLUSION

Accordingly, it is hereby:

3

**ORDERED**, that the Report and Recommendation, Dkt. No. 15, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's motion for judgment on the pleadings, Dkt. No. 11, is **GRANTED**; and it is further

**ORDERED**, that Defendant's motion for judgment on the pleadings, Dkt. No. 13, is **DENIED**; and it is further

**ORDERED**, that the Commissioner's decision denying Plaintiff disability benefits be remanded for further proceedings; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   August 4, 2025
         Albany, New York

LAWRENCE E. KAHN
United States District Judge